No. 4188

Second Circuit

HENRY v. JENKINS ET AL.

(December 9, 1931.   Opinion and Decree.)
(January 14, 1932.   Rehearing Refused.)

Truett L. Scarborough, of Ruston, attorney for appellee Henry.

J. W. Elder, of Ruston, attorney for appellant Trammell.

Scarborough & Barham, of Ruston, attorneys for appellant Tatum.

McGREGOR, J. This is a suit on a promissory note. On February 8, 1930, Will Jenkins, a negro farm laborer, was indebted to S. E. Tatum in the sum of $175 on account of the purchase of a secondhand automobile. At that time Jenkins was a tenant on the farm of G. L. Trammell for the year 1930. An in solido note for the sum of $175, payable to S. E. Tatum, was drawn on this date and was signed and executed by Will Jenkins and G. L. Trammell as makers. The note was made payable on October 1, 1930, and stipulated 8 per cent interest from maturity and 10 per cent attorney's fees for collection in case of its non-payment at maturity. On the same day and in connection with the execution of the note, a written agreement with reference to the ultimate payment of the debt represented by this note was prepared and signed by the three interested parties, namely: Will Jenkins, G. L. Trammell, and S. E. Tatum. This agreement reads as follows:

"This 8th day of February
"We the undersigned agree as follows: Will Jenkins agrees to live continuously with G. L. Trammell until he has fully paid all indebtedness or move on the farm of S. E. Tatum and work the balance due out with him.

"G. L. Trammell agrees to pay S. E. Tatum the amount of note made to him ($175.00) should Will Jenkins live on his farm during the year of 1931 and should he move with S. E. Tatum said S. E. Tatum agrees to release G. L. Trammell on note of ($175.00) signed by him and Will Jenkins. Should Will Jenkins move on the farm of any other than S. E. Tatum, he Will Jenkins, agrees to have S. E. Tatum and G. L. Trammell paid in full and in the last instance G. L. Trammell & S. E. Tatum agree to work insolido toward the collection of his indebtedness or S. E. Tatum loses his claim against G. L. Trammell."

his<br>
"(Signed) Will X Jenkins<br>
mark<br>
"G. L. Trammell<br>
"S. E. Tatum

"Attest:
"E. B. Taylor
"Isiash Brown"

On August 22, 1930, over six weeks before its maturity, the plaintiff, R. W. Henry, acquired the note in due course of trade for a valuable consideration, at which time it was indorsed in blank by the payee, S. E. Tatum, and delivered to the plaintiff.

Soon after the maturity of the note, and repeatedly thereafter, the plaintiff made demand upon G. L. Trammell for payment. Failing in these efforts to collect, the plaintiff filed this suit on March 11, 1931, against Will Jenkins, G. L. Trammell, and S. E. Tatum, for the sum of $175, with interest and attorney's fees as provided for in the note. Trammell alone appeared to answer the suit. He denied that plaintiff had acquired the note before maturity, and set out the terms of the written agreement signed by him and Jenkins and Tatum at the time of the execution of the note, and alleged that plaintiff, because of having acquired the note after its maturity, was bound by all equities existing between him, Trammell, and Tatum by virtue

of this agreement. He then alleged that Will Jenkins made nothing on his farm in the year 1930 and that during the latter part of that year he proposed to S. E. Tatum, as he considered he had a right to do under the terms of the contract, that Jenkins move to his (Tatum's) farm for the crop year 1931, and that he (Trammell) be released from liability on the note as maker; that Tatum refused to move Jenkins on his farm, and that that refusal released him (Trammell) from liability on the note; and that this release was as binding on the plaintiff as it was on Tatum because of the plaintiff's having acquired the note after maturity, as alleged. In the alternative he alleged that, if it should be held that plaintiff was the holder of the note in due course before maturity, Tatum should be called in warranty and that he (Trammell) desired and was entitled to judgment against him for whatever sum for which plaintiff should secure judgment against him (Trammell). He therefore prayed that the said S. E. Tatum be called in warranty, that there be judgment either rejecting plaintiff's demand against him, or, in case judgment should be rendered against him in favor of the plaintiff, that there be similar judgment in his favor against Tatum.

The call in warranty was issued and served on Tatum. He answered and denied those allegations of Trammell by which he sought to evade liability, and by way of reconvention asked for judgment in his favor against Trammell for the amount of the note with interest, attorney's fees, and cost.

On the issues as thus stated, the case went to trial. There was judgment in favor of the plaintiff as prayed for. The call in warranty by Trammell against Tatum and the demand in reconvention by Tatum against Trammell were dismissed as of non-suit. Both Trammell and Tatum have appealed, and Tatum has answered the appeal of Trammell, asking the same relief that is sought in his appeal.

## OPINION

The defendant Trammell has abandoned all resistance to the demands of the plaintiff and admits that the judgment is correct in so far as he is concerned. The case is, therefore, narrowed to one question, namely: Was the defendant Trammell released from his obligation as co-maker of the note of Will Jenkins because of the alleged refusal of Tatum to accept Jenkins as a tenant for the crop year of 1931?

If Trammell was released from liability as he claims, then he should have judgment against Tatum to protect him from plaintiff's judgment against him. But if he was not so released, Tatum is entitled to judgment against him as prayed for. The lower court evidently considered that neither party had proved his demand, for both were dismissed as of non-suit. There is enough evidence in the record to decide the liability in question. There should always be as speedy an end to litigation as possible.

In his brief, counsel for Trammell seeks to evade liability to Tatum on the ground that the contract signed and executed in connection with the note sued on contains a potestative condition, and that, therefore, his signing the note, which was conditioned upon the said contract, created no liability between them. This question cannot be raised for the first time in this court. The entire release sought by Trammell is based on the validity of the contract and its binding effect. All the pleadings were drawn and the evidence adduced with that

assumption in mind. So, he must stand or fall on his pleadings, and the evidence introduced thereunder. The sole contention of Trammell throughout the trial was that, under the terms of the contract, Tatum was obligated to receive Jenkins whenever he was tendered by Trammell or offered himself, and that in case he refused to accept such service he (Trammell) would be released from his obligation on the indebtedness. There is nothing in the contract that supports this contention. To begin with, it is specially stipulated that Jenkins agrees to live *continuously* with Trammell until Tatum is fully paid, or that he will move on the farm of Tatum and work till he pays the debt in full. From this statement it appears that the option rested entirely upon Jenkins. It is also agreed that if Jenkins lives on Trammell's farm in 1931 he (Trammell) will pay the debt unconditionally, and that if he lives on Tatum's farm Trammell will be released unconditionally from the debt. Trammell undertakes to prove that he offered to have Jenkins moved to Tatum's farm for the year 1931, and that Tatum refused. In this effort Trammell failed to prove his allegation. Even if he had it would have availed him nothing, for there was nothing in the contract to compel Tatum to receive Jenkins as a tenant. But Jenkins stayed on Trammell's farm as a tenant during the year 1931, and under the plain provision of the contract he was definitely bound. Even though the contract may have been invalid in the beginning because of a potestative condition, and even though this invalidity had been properly and timely pleaded, it became valid and binding when the contract was performed by Jenkins remaining on the farm of Trammell during the year 1931.

For the reasons assigned, that portion of the judgment appealed from dismissing the reconventional demand of S. E. Tatum versus G. L. Trammell is annulled and reversed, and it is hereby ordered, adjudged, and decreed that there be judgment in favor of the said S. E. Tatum on his reconventional demand against G. L. Trammell for the sum of $175, with 8 per cent interest from October 1, 1930, until paid, together with 10 per cent attorney's fees for collection on the total of the principal and interest, and all costs of this suit. It is further ordered that that portion of the judgment rejecting the demands of G. L. Trammell against S. E. Tatum be affirmed.

---

## ON REHEARING

DREW, McGREGOR and STEPHENS, JJ., sitting on case.